

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-28-2008

# Fernandez-Cruz v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2785

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Fernandez-Cruz v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1696.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1696

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 07-2785

————————

MIGUEL ANTONIO FERNANDEZ-CRUZ,
                                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                    Respondent

————————

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A40-074-831
(U.S. Immigration Judge: Honorable Andrew Arthur)

————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 23, 2008
Before:  SCIRICA, Chief Judge, HARDIMAN and ALDISERT, Circuit Judges

(Filed: January 28, 2008)

————————

OPINION OF THE COURT

————————

PER CURIAM.

Miguel Antonio Fernandez-Cruz petitions for review of a decision of the Board of

Immigration Appeals (BIA), affirming without opinion the Immigration Judge's (IJ's)

final order of removal.  We will deny the petition.

Fernandez-Cruz was placed in removal proceedings based on a narcotics conviction. In connection with that conviction, he cooperated with the U.S. Government and provided information leading to the conviction and prosecution of two individuals involved in the drug conspiracy. Fernandez-Cruz learned that these two individuals had been deported to the Dominican Republic, and he feared he would be harmed by those individuals if he were to be removed to the Dominican Republic. He applied for asylum, statutory withholding of removal and withholding of removal pursuant to the Convention Against Torture (CAT).[1] Fernandez-Cruz conceded that his conviction constituted an aggravated felony, which made him ineligible for asylum. A.R. 54-55. The IJ determined that his crime was also a particularly serious crime, which made him ineligible for statutory withholding of removal. A.R. 58. The IJ denied the CAT claim, stating that Fernandez-Cruz had "failed to show that it is more likely than not that he would be subject to torture by, or at the instigation of, or with the consent or acquiescence of a public official or person acting in an official capacity if he were to be returned to the Dominican Republic." A.R. 62.

On appeal, Fernandez-Cruz challenges only the holding that he is ineligible for relief pursuant to the CAT. He argues that the IJ applied an incorrect understanding of the requirement that any torture be with the consent or acquiescence of a public official.

---

[1] United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, 1465 U.N.T.S. 85, G.A. Res. 39/46, 39th Sess., U.N. GAOR Supp. No. 51, at 197, U.N. Doc. A/39/51 (1984).

2

The IJ, citing Matter of Y- L-, 23 I&N Dec. 270, 280 (A.G. 2002) and Matter of S-V-, 22 I & N Dec. 1306 (BIA 2000), stated that in order to be eligible for relief pursuant to the CAT, Fernandez-Cruz "must demonstrate that the foreign officials are willfully accepting of the . . . torturous activities." A.R. 61. In Silva-Rengifo v. Attorney General, 472 F.3d 58, 65 (3d Cir. 2007), we held that we could not accept "the Board's conclusion that the acquiescence that must be established under the CAT requires actual knowledge of torturous activity as required in Matter of S-V-." Rather, we held that "an alien can satisfy the burden established for CAT relief by producing sufficient evidence that the government in question is willfully blind to such activities." Id. Fernandez-Cruz argues that because the IJ applied the wrong standard, a remand is required so that the IJ may evaluate the evidence in light of the proper standard.

The Government contends that Fernandez-Cruz did not exhaust administrative remedies, as he did not raise the claim that the IJ used the wrong standard in his brief to the BIA. In the alternative, the Government argues that Fernandez-Cruz's CAT claim was not rejected because he failed to show "actual acquiescence," but rather because he provided no connection whatsoever between the government of the Dominican Republic and his criminal co-conspirators, whom he feared would harm him.

We find that, liberally construing Fernandez-Cruz's pro se brief to the BIA, he adequately raised the issue regarding government acquiescence in his appeal. In his brief, he noted the regulatory requirement that harm be inflicted with the acquiescence of a

3

government official.  In the very next paragraph, he cited asylum cases in which the Board granted relief to applicants who showed that they feared persecution by persecutors the government authorities were unable to control.  Although the cases are asylum cases, Fernandez-Cruz was not arguing that he was eligible for asylum; rather, we find he was drawing an analogy to asylum cases, and was arguing that a similar standard for acquiescence should apply in CAT cases.

However, we agree with the Government's contention that no remand is necessary here.  The IJ's decision, decided before Silva-Rengifo, does state the wrong standard.  But we agree with the Government that the case does not involve a question of whether the government of the Dominican Republic would be "actually acquiescent" versus "willfully blind."  We have carefully reviewed the record, and find that Fernandez-Cruz presented no evidence that the Government of the Dominican Republic is aware of, or even willfully blind to, a problem of drug traffickers seeking revenge against those who caused them to be prosecuted.  Nor is there any evidence in the record that Fernandez-Cruz or anyone in similar circumstances has unsuccessfully sought protection from the Dominican government, or that the Dominican government is unable or unwilling to control criminal groups.

For the foregoing reasons, the petition will be denied.